UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KOREAN RAMEN DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 13-cv-04148-WHO<br><br>**ORDER CONDITIONALLY APPOINTING LEAD COUNSEL AND SETTING REQUIREMENTS FOR TIME AND EXPENSE RECORDS**<br><br>Re: Dkt. Nos. 18, 19, 20 |

The plaintiffs have filed competing motions for appointment of lead counsel in the direct purchaser actions consolidated as *In Re Korean Ramen Direct Purchaser Antitrust Litigation*, Case No. 13-cv-4148. Dkt. Nos. 18, 19, 20. Having considered the parties' submissions and their oral presentations at the hearing on February 3, 2014, the Court CONDITIONALLY APPOINTS Hausfeld LLP and Glancy Binkow & Goldberg LLP as interim co-lead counsel in this matter.

All the firms seeking appointment as lead counsel are experienced and appear to be highly qualified to represent the proposed direct purchaser class. They have the resources and commitment to do so effectively. The facts that Hausfeld and Glancy Binkow & Goldberg, on behalf of their client, The Plaza Company, filed the earliest complaint in this action, *The Plaza Company v. Nong Shim Co., Ltd. et al,* Case No. 13-5729-WHO, two months before the next direct purchaser complaint was filed, and that they have completed substantial work in advancement of this litigation, were relevant to the Court's determination.

The appointment of Hausfeld and Glancy Binkow & Goldberg as co-lead counsel is conditioned on Hausfeld providing the Court with a satisfactory declaration addressing the alleged

conflict regarding DR & AJU, the Korean law firm associated with Hausfeld.[1]  While Mr. Hausfeld represented on the record that there was no basis to the allegation that his firm could be disqualified as a result of the work performed by DR & AJU in Korea, and the Court accepts that representation, the Court would benefit from a more detailed description of DR & AJU's representation of the Korean Fair Trade Commission and an explanation of why it does not present a conflict.  The declaration should specifically respond to the arguments regarding the press releases and news articles referenced by Lowey Dannenberg.  The declaration should be filed by February 10, 2014.  No other pleadings or filings by any other firm on this topic will be considered.  The Court will enter a final order regarding appointment of interim lead counsel after reviewing the declaration described above.

As mentioned at the beginning of the hearing, the Court is concerned that this litigation be efficiently pursued.  Defendants urged the Court to appoint only one firm as interim lead counsel, but the Court is satisfied that the co-lead structure can be at least equally as cost-effective as long as it is well-managed by interim lead counsel.  In furtherance of this goal, the Court will require, and now ORDERS, that all counsel keep a daily record of their time spent and expenses incurred in connection with this litigation, including with specificity the hours, location, and particular activity (such as "conduct of deposition of A.B.").  Block billing is not acceptable.  The failure to maintain such records will be grounds for denying court-awarded attorney fees, as will an insufficient description of the activity (such as "research" or "review of correspondence").  By the fifteenth day of each month, beginning in March 2014, each firm that may seek an award of a fee shall provide interim lead counsel with a report summarizing, according to each separate activity, the time and expenses spent by its members or associates during the preceding month and the accumulated total of the firm's time, hourly rates, and expenses to date.

---

[1] Lowey Dannenberg Cohen & Hart, P.C. raised this purported conflict for the first time at the hearing, apparently without prior notice to other plaintiffs' counsel and without any briefing to the Court.  While the firm may only have learned of the alleged conflict recently, the manner in which the issue was raised did not demonstrate an ability to work cooperatively with the other plaintiffs' counsel in this matter.

**CONCLUSION**

Hausfeld LLP and Glancy Binkow & Goldberg LLP are CONDITIONALLY APPOINTED co-lead counsel in the cases consolidated as *In Re Korean Ramen Direct Purchaser Antitrust Litigation*, Case No. 13-cv-4148.  The appointment is conditioned on Hausfeld LLP and Glancy Binkow & Goldberg LLP providing the declaration described above to the Court by February 10, 2014.  All plaintiffs' counsel shall follow the directions regarding time and expense records as described above.

**IT IS SO ORDERED**.

Dated: February 3, 2014



WILLIAM H. ORRICK
United States District Judge