UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KOREAN RAMEN DIRECT PURCHASER ANTITRUST LITIGATION | Case No. 13-cv-04148-WHO<br><br>**FINAL ORDER APPOINTING LEAD COUNSEL** |

On February 3, 2014, the Court conditionally appointed Hausfeld LLP and Glancy Binkow & Goldberg LLP co-lead counsel in the cases consolidated as *In Re Korean Ramen Direct Purchaser Antitrust Litigation*, Case No. 13-cv-4148. Dkt. No. 22. The appointment was conditioned on Hausfeld and Glancy Binkow & Goldberg providing the Court a satisfactory declaration addressing the alleged conflict regarding DR & AJU, the Korean law firm associated with Hausfeld. Hausfeld filed a responsive declaration on February 10, 2014. Dkt. No. 28.

The Court is satisfied that the declaration adequately addresses the alleged conflict. In particular, the Court finds the following averments in the declaration significant:

- DR & AJU took no role in the proceedings before the Korean Fair Trade Commission ("KFTC") that led to the July 12, 2012 order from the KFTC which first revealed to the public the alleged conspiracy regarding Korean Noodles asserted in the complaints filed in this action. Decl. ¶ 6;

- The KFTC never asked DR & AJU to address the extraterritorial effect of the conspiracy and DR & AJU did not address that issue. Decl. ¶ 8;

- DR & AJU took no role in preparing the press release issued by the Team Leader of the KFTC's Cartel Investigation referenced in paragraph 14 of the Declaration. The press release does not represent DR & AJU's views. Decl. ¶ 15;

- The KFTC has never suggested how DR & AJU should conduct itself in this litigation.

Decl. ¶ 17;

- DR & AJU will immediately advise Hausfeld and Glancy Binkow & Goldberg and take prompt corrective action if any conflict should arise as a result of DR & AJU's representation of the KFTC.  Decl. ¶ 17;

- Hausfeld and Glancy Binkow & Goldberg, not DR & AJU, "will be making all of the decisions of how this action should be prosecuted and their actions will be guided by what is in the best interests of the putative class of direct purchasers."  Decl. ¶ 16.

Hausfeld and Glancy Binkow & Goldberg, as co-lead counsel, shall consult with co-counsel on significant litigation decisions and divide case responsibilities and costs as appropriate to the case.  To the extent that it is beneficial for work to be divided among the firms, counsel should strive to avoid unnecessary costs and duplication of efforts as the Court will ultimately scrutinize the reasonableness of any application for attorneys' fees and costs.

**IT IS SO ORDERED**.

Dated: February 20, 2014



WILLIAM H. ORRICK
United States District Judge